UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:15-CV-80300-ROSENBERG

DONALD A. O'BRIEN & VANDA
M. O'BRIEN,

    Plaintiffs,

v.

SETERUS, INC.,

    Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANT'S MOTION TO DISMISS**

This matter is before the Court on Defendant's Motion to Dismiss [DE 7]. The Motion has been fully briefed. The Court has reviewed the documents in the case file and is fully advised in the premises. For the reasons set forth below, Defendant's Motion is granted in part and denied in part, and this case is dismissed due to the Court's lack of subject matter jurisdiction.

**I.    BACKGROUND**

Plaintiffs defaulted on their home mortgage. Defendant is the servicer of Plaintiffs' home mortgage and since Plaintiffs' default Defendant has caused regular drive-by inspections of Plaintiffs' home to occur. Also since their default, Plaintiffs sent a letter, which they consider to have been a qualified written request under the Real Estate Settlement Procedures Act, to Defendant. Although Defendant responded to the letter, Plaintiffs determined that the response was insufficient. This lawsuit followed, with Plaintiffs alleging one count under the Real Estate Settlement Procedures Act (pertaining to the letter sent by Plaintiffs) and one count under the

1

Florida Consumer Collection Practices Act (pertaining to the propriety of the drive-by inspections).

## II. LEGAL STANDARD

In considering a motion to dismiss, the Court must accept the allegations in a complaint as true and construe them in a light most favorable to the plaintiffs. *See Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321 (11th Cir. 2012). At the pleading stage, the Complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). All that is required is that there are "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

## III. ANALYSIS AND DISCUSSION

Defendant argues that Plaintiffs' Complaint should be dismissed on three grounds: (1) Plaintiffs' RESPA claim should be dismissed because Defendant fully complied with RESPA via its response to Plaintiffs' letter, (2) Plaintiffs cannot allege a RESPA violation that caused them damages, and (3) Plaintiffs cannot allege a cause of action under the FCCPA because the drive-by inspections at issue were authorized under the terms of Plaintiffs' mortgage. Each point is addressed in turn.

### 1. Defendant's Response to Plaintiffs' Letter

Under the Real Estate Settlement Procedures Act, a loan servicer must respond to a written request for information that pertains to the servicing of the loan. *See* 12 C.F.R. § 1024.36(d)(1). The letter Plaintiffs sent to Defendant contained the following requests for information:

(A) Please provide a complete life of loan history.

(B) I am in receipt of your recent mortgage statement dated November 18, 2014, and would like a ***detailed*** explanation as to why you have been conducting regular

      property inspection and charging this account for same.  A copy is attached hereto. Specifically, I am inquiring about the following as relates [sic] to property inspections:

    (1) Please state if you have any reason to believe the subject property is vacant and/or not in good condition, and if yes, please state the reason.

    (2) Please identify the specific section of the mortgage that you rely upon to authorize any property inspections on the subject property

    (3) Please advise why you believe that monthly property inspections are reasonable or appropriate to protect the lender's interest in the subject property

    (4) Please identify the date upon which you first ordered a property inspection to be conducted on the subject property

    (5) Please state the frequency with which you conduct or cause to be conducted property inspections upon the subject property

    (6) Please state whether you received specific instructions from the owner/lender of the subject loan to conduct or cause to be conducted property inspections upon the subject property

    (7) The date each property inspection was conducted

    (8) Copies of each and every property inspection invoice, report, photographs taken (if applicable)

    (9) Proof of payment for the amounts specified and charged to the account

DE 1-3.  Defendant's response amounted to fifty-two pages, including the following letter:



RFI RSP

**Business Hours (Pacific Time)**
Monday-Thursday 5 a.m. to 8 p.m.
Friday 5 a.m. to 6 p.m.

PO Box 2008, Grand Rapids, MI 49501-2008

**Physical Address**
14523 SW Millikan Way, Suite 200, Beaverton, OR 97005

**Payments**
PO Box 54420, Los Angeles, CA 90054-0420

L400J

Loan Lawyers, LLC
Attn: Aaron Silvers
2150 S Andrews Ave., 2nd Fl.
Ft. Lauderdale, FL 33316

**Correspondence**
PO Box 2008, Grand Rapids, MI 49501-2008

Phone: 866.570.5277
Fax: 866.578.5277
www.seterus.com

January 15, 2015
Borrowers: Donald A. and Vanda O'Brien

Dear Mr. Silvers:

On behalf of Seterus, Inc., I am responding to correspondence regarding the above-referenced borrowers.

Enclosed, per your request, are copies of the payment history provided by the prior servicer, CitiMortgage, as well as that since the servicing of the loan was transferred to us on November 1, 2010.

We are not able to approve your request that we waive the Property Inspection fees charged to your clients' loan. Due to the delinquency of this loan, Seterus exercised its right under the terms of the signed Mortgage to protect its interest in the property. Property Inspections are ordered when a loan is 45 days delinquent, and every 30 days thereafter if the delinquency continues. These are drive-by inspections and are used to determine if the property is occupied and in good repair. The fee for this service is billed to Seterus by a third party and is then passed along to your clients under the terms of the signed Mortgage securing the loan.

Enclosed for your reference are copies of the invoices for these Property Inspection fees.

Additionally, a statement detailing the amount required to pay the loan in full has been requested, and will be sent to you soon under separate cover.

The owner of your clients' loan is Fannie Mae (Federal National Mortgage Association), 3900 Wisconsin Avenue NW, Washington, DC 20016-2892, 800.732.6643. Fannie Mae has contracted with Seterus to service and respond to inquiries about your loan. As a result, inquiries may be directed to Seterus at the Correspondence address listed above.

If you have any questions, please contact our customer service department at our toll-free number above.

Sincerely,

Paul Senz
Correspondence Response Team
Seterus, Inc.

Enclosures

DE 1-4. As noted in the above letter, Defendant enclosed copies of the payment history provided by the prior servicer of the mortgage as well as payment history for the period of time Defendant serviced the mortgage. Defendant also provided invoices for all property inspections. Finally, Defendant provided a statement detailing the amount required to pay the loan in full.

Plaintiffs' position is that Defendant's response was lacking as to their request under B(1) (the reason Defendant believed the property to be unoccupied or in poor condition), B(3) (how the

4

monthly inspections of Plaintiffs' property were reasonable), B(6) (whether the owner of Plaintiffs' mortgage had specifically requested drive-by inspections), and B(9) (proof of payment of the amounts specified for drive-by inspections).

Analyzing Defendant's responses on the foregoing requests, the Court finds that Defendant *did* answer Plaintiffs' queries. Plaintiffs asked for the reason Defendant believed the property at issue to be unoccupied or in poor condition. Defendant's response was that property inspections were conducted on a certain timetable, once a default occurred, in order to protect the mortgage-holder's interest in the property, *pursuant to the terms of the signed mortgage securing the loan*. Thus, easily inferable from Defendant's response is the implicit answer that the historical condition of the property and the occupancy of the property were irrelevant to the inspections. The property was to be inspected regardless of Plaintiffs' alleged occupancy, pursuant to the terms of the mortgage.

Plaintiffs asked how the monthly inspections were reasonable. Defendant's answer to this question was clearly inferable and amounted to the same answer discussed above. Plaintiffs asked whether the owner of the property had specifically requested property inspections occur. Defendant's answer to this question was clearly inferable from the response outlined above—the inspections occur pursuant to the authorization contained in mortgage documents, and a specific request from the mortgage holder was irrelevant to Defendant's actions. Finally, Plaintiffs asked for proof of payment of the drive-by inspections. Defendant responded by providing invoices for the inspections.

Although Defendant did not give Plaintiffs the answers they desired, or respond with the level of specificity Plaintiffs apparently requested, Defendant did answer—the property

5

inspections were conducted solely because the terms of the mortgage allowed for it—which Plaintiffs consented to when they executed the mortgage.  *See Whittaker v. Wells Fargo Bank, N.A.*, No. 12:cv-98, 2014 WL 5426497, at *8 (M.D. Fla. Oct. 23, 2014) ("[RESPA] does not require the servicer to provide the resolution or the explanation desired by the borrower; it requires the servicer to provide a statement of its reasons.").  Whether or not Defendant's exercise of inspection authority was reasonable, or performed without breaching any contractual provisions, is a question for a different cause of action—not the Real Estate Settlement Procedures Act.  RESPA requires a servicer to respond to requests for information.  Defendant did so.  Plaintiffs' RESPA claim must therefore be dismissed, as the allegations in their Complaint (by virtue of the attached exhibits) do not state a claim under RESPA.

### 2. Plaintiffs' Failure to Allege Damages Under RESPA

Defendant argues that Plaintiffs cannot allege damages for their RESPA claim. Defendant's position is that fees associated with a sending qualified written request for information cannot equate to RESPA damages because, were this so, RESPA claims would have damages built-in.  But this does not limit Plaintiffs' claim.  Plaintiffs' claim is that they were required to send a *second* qualified written request for information because Defendant improperly responded to the first such request.  Damages associated with a *second* qualified written request, because of an improper response by a defendant, have been found to qualify as actual damages under RESPA.  *See Russell v. Nationstar Mortg., LLC*, No. 14-61977-CIV, 2015 WL 541893 (S.D. Fla. Feb. 10, 2015).  The propriety of Plaintiffs' damages claim therefore turns on the propriety of Defendant's response which, as the Court has previously discussed, was proper under RESPA.  The Court therefore need not devote further discussion on the issue of damages.

### 3. Plaintiffs' FCCPA Claim

Defendant argues that Plaintiffs have failed to state a claim under the FCCPA. Plaintiffs have brought their FCCPA claim under section 559.72(9), Florida Statues, which prohibits a "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." The issue continues to be the drive-by inspections. Defendant argues there can be no FCCPA claim when its decision to have the drive-by inspections was clearly authorized by the terms of the mortgage:

> 14. **Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees.

DE 7-1.[1] The Court is required, however, to accept Plaintiffs' allegations as true. Plaintiff has alleged that:

> 66. Upon information and belief, SETERUS is aware that the subject property is owner-occupied and that the property is in good repair.
>
> 67. SETERUS has employed unlawful practices, policies, and procedures by causing to be charged fees which were not actually incurred, and/or which exceed the actual cost of the services rendered, and by rendering services that SETERUS has no reasonable basis to perform.
>
> 68. SETERUS engages is [sic] such practice to minimize the costs incurred in servicing Plaintiffs' mortgage, whilst maximizing profit, all at the expense of Plaintiff.
>
> 69. Upon information and belief, SETERUS performs property inspections in order to increase its billing of Plaintiffs and borrowers at large.
>
> 70. Upon information and belief, SETERUS does not use the reports generated from the property inspections for any useful purpose.

---

[1] The Court may consider the terms of the mortgage when, as here, the document is central to Plaintiffs' claims and is undisputed in terms of authenticity. *See Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). After Defendant provided Plaintiffs' mortgage in an attachment to their Motion to Dismiss, Defendant raised no objection to the authenticity of the document or the terms contained therein. There can be no question that the terms of the mortgage (with respect to inspections) are central to Plaintiffs' claims.

DE 1. In accepting allegations such as these as true, courts have permitted FCCPA claims to proceed, even when the terms of the underlying mortgage permitted inspections:

> Plaintiff's affirmative answers to questions on her loan modification application would have alerted Defendant to Plaintiff's occupancy in the residence and continuing desire to remain prior to the relevant [property inspection related fees]. Plaintiff's mortgage expressly provides that, upon default, the lender may charge Plaintiff for fees in connection with services rendered to protect the lender's interest in the property, such as property inspection and valuation fees. Even so, taking as true that the lender/loan owner did not require or request the monthly [property inspection related fees], and that Defendant was aware of the fact that Plaintiff remained and had a continuing wish to remain in the property and had represented that she was maintaining the property, Plaintiff has alleged enough to draw a reasonable inference that the [property inspection related] fees were unlawfully incurred and assessed to Plaintiff.
>
> . . .
>
> On the same basis as outlined with respect to the FDCPA, the Court finds that Plaintiff has sufficiently alleged a violation of the FCCPA, Fla. Stat § 559.72(9).

*Tysenn v. Select Portfolio Servs., Inc.*, No. 15-60381-CIV (S.D. Fla. May 14, 2015). The Court finds the reasoning in cases such as *Tysenn* persuasive because, as here, it is the allegation that Defendant *knew*, essentially, that an inspection of Plaintiffs' property was unnecessary and unreasonable, and that the purpose of the inspection was not for the benefit of the owner of the mortgage, but solely for the servicer's financial gain. As such, Plaintiffs have sufficient allegations to plausibly assert a claim under the FCCPA and survive Defendant's Motion to Dismiss.

One matter remains, that of subject matter jurisdiction. By virtue of the Court's dismissal of Plaintiffs' RESPA claim there is no longer federal question jurisdiction in this case. In the absence of a federal claim, the Court elects to exercise its discretion in favor of dismissing

8

Plaintiffs' state-law claim under the FCCPA.  *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).  The Court also examines, however, whether diversity jurisdiction exists in this case.

According to Plaintiffs' Complaint, the parties are citizens of different states.  Diversity jurisdiction requires, however, an amount in controversy of at least $75,000.  28 U.S.C. § 1332(a).  Plaintiffs' allegations are that Defendant has conducted thirty-five drive-by inspections and that Defendant is liable for statutory damages of up to one thousand dollars per violation.  Therefore, even if the Court were to allow that some additional inspections have occurred since the filing of this suit, and even if the Court were to include the possibility Plaintiffs could recover attorney's fees, the amount in controversy in this suit is still far from the necessary threshold of $75,000.  *See Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1080 (11th Cir. 2000) (allowing for attorney's fees in the $75,000 calculation in some circumstances).  The Court concludes on the face of the Complaint that Plaintiffs' sole surviving count under the FCCPA does not satisfy the Court's diversity jurisdiction.  Plaintiffs' FCCPA claim is therefore dismissed for lack of subject matter jurisdiction.

### IV.   CONCLUSIONS AND RULING

It is therefore **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss [DE 7] is **GRANTED IN PART AND DENIED IN PART**, that Plaintiffs' RESPA claim is **DISMISSED WITH PREJUDICE**, and that Plaintiffs' FCCPA claim is **DISMISSED** for lack of subject matter jurisdiction.  The Clerk of the Court is directed to **CLOSE THIS CASE**.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 24th day of July, 2015.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record